COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-311-CV

 

 

IN
RE SCOTT W. RHODES                                                        RELATOR

 

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an original proceeding in which relator
Scott W. RhodesCa pro se inmate incarcerated in
the Texas Department of Criminal Justice-Institutional Division (Athe
Department@)Cchallenges
the trial court=s orders requiring the
Department to withdraw funds from his inmate trust account to pay for court
costs that he was ordered to pay as a result of his convictions.  According to Rhodes, the trial court violated
his due process rights by rendering the order in accordance with Texas
Government Code section 501.014(e) without giving him prior notice and an
opportunity to be heard.  The court has
considered Rhodes=s petition for writ of mandamus
and is of the opinion that relief should be denied.  Accordingly, Rhodes=s
petition for writ of mandamus is denied.

                                            Background

On April 18, 2008, Rhodes was
convicted in two judgments of multiple felonies and sentenced to serve terms of
confinement ranging from twelve months to five years.  One of the judgments awarded court costs of
$320.00, and the other awarded court costs of $270.00.  While serving his sentences in prison, Rhodes
opened an inmate trust account provided by the Department.  On May 13, 2008, the trial court entered ex
parte inmate trust fund withdrawal orders on the two judgments.  Both orders specified a formula for
determining the amount of each periodic withdrawal from Rhodes=s inmate
trust account to pay on both judgments for costs.  Each order also specified that the
withdrawals would continue until the total for each was paid.  Each order further specified that, Aon
receipt of a copy of this Order, the Inmate Trust Fund Supervisor shall
withdraw money from the account of the inmate, hold same in a separate account,
and forward said money to the District Clerk of Tarrant County.@








The trial court=s
withdrawal orders both indicate that they are based on Texas Government Code
section 501.014(f)(5), which allows the Department to withdraw from an inmate=s trust
account any amount the inmate is ordered to pay by order of the court, Aas
directed by court order in accordance with Subsection (e).@  See Tex. Gov=t Code
Ann. ' 501.014(e),
(f)(5) (Vernon 2004).  Subsection (e)
requires that the inmate receive Anotification
by a court.@ 
See id. ' 501.014(e).  The record before us establishes that each
withdrawal order directed the withdrawal of funds from Rhodes=s trust
account to pay the court fees and costs associated with each respective
conviction, and the total amount of court fees and costs for each case was
specified in each corresponding judgment.

On or about May 23, 2008, Rhodes received a copy
of the court=s withdrawal orders in the
mail.  The record reflects that the first
withdrawal from his trust account occurred on June 2, 2008.  He then filed his petition for writ of
mandamus.

                                             Discussion








In his petition, Rhodes, complains that he was
not afforded procedural due process prior to the State=s
withdrawal of the funds.  Specifically,
he argues that he was entitled to notice and that he Adid not
receive any notice of any kind before his receipt of the above mentioned
>withdrawal
orders,= nor any
notice after.@ (emphasis added).  Rhodes does not indicate how or why error
exists except to argue that the State was required to follow the garnishment
procedures set forth in the Texas Rules of Civil Procedure prior to withdrawing
the funds from his inmate trust account, which it failed to do.  Rhodes contends that the failure to follow
the garnishment procedures resulted in a violation of his due process rights as
set forth in the United States Constitution and the Texas Code of Criminal
Procedure.  See U.S. Const. amend
XIV; Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 2005).  Rhodes asks this court to enter an order
vacating the two withdrawal orders because of the lack of due process and asks
us to order any money removed from his trust account be returned to that
account.

We have already determined that orders entered
pursuant to section 501.014 of the government code, such as the orders entered
in this case, are final and appealable and that, therefore, mandamus is not
available.  See In re Pannell, No.
02-08-00301-CV, slip op. at 10B11 (Tex.
App.CFort
Worth Feb. 25, 2009, orig. proceeding). 
Thus, we conclude and hold that Rhodes had an adequate legal remedy and
is therefore not entitled to mandamus relief. 
Rhodes=s petition is denied.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DELIVERED: February 25,
2009











[1]See Tex. R. App. P. 47.4.